IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SAFETY-KLEEN CORP., et al., | Case No. 00-2303 (PJW) |
| Debtors. | Jointly Administered |

**MOTION OF OOLENOY VALLEY CONSULTING LLC
TO WITHDRAW THE REFERENCE TO THE BANKRUPTCY COURT**

Pursuant to 28 U.S.C. § 157(d) and Federal Rule of Bankruptcy Procedure 5011, Oolenoy Valley Consulting LLC (the "Trustee"), by and through its undersigned counsel, hereby moves the Court for an order withdrawing the standing order of reference to the United States Bankruptcy Court for the District of Delaware, and in support thereof respectfully states as follows:

PRELIMINARY STATEMENT

1.      The Trustee seeks an order withdrawing the reference with respect to the Personal Injury Claims (as defined below) filed in the above-captioned bankruptcy cases. Pursuant to 28 U.S.C. § 157(d), the Court should withdraw the reference with respect to these claims because "cause" exists for the withdrawal.

2.      Under 28 U.S.C. § 157(b)(5) ("Section 157(b)(5)"), the Court is <u>required</u> to order that "personal injury tort . . . claims . . . be tried in the district court in which the bankruptcy case is pending[.]"  This congressional mandate effectively deprives the Bankruptcy Court of jurisdiction to entertain the Personal Injury Claims.  Accordingly, this Court must order the reference withdrawn with respect to the Personal Injury Claims.

## BACKGROUND

3.      On June 9, 2000 (the "Petition Date"), Safety-Kleen Corp. and its affiliated debtors (collectively, the "Debtors") commenced their respective reorganization cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"), thereby becoming debtors in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

4.      On June 13, 2000, the Court entered an order providing for the joint administration of the Debtors' chapter 11 cases pursuant to Fed. R. Bankr. P. 1015(b) and consolidating them for procedural purposes only.

5.      On June 23, 2000, the United States Trustee appointed an official committee of unsecured creditors.  No trustee or examiner has been appointed in any of the Debtors' chapter 11 cases.

6.      On August 1, 2003, the Court entered an order (the "Confirmation Order") confirming the Modified First Amended Joint Plan of Reorganization of Safety-Kleen Corp. and Certain of its Direct and Indirect Subsidiaries, dated July 21, 2003 (the "Plan"), and on December 24, 2003, the Plan became effective.

7.      Pursuant to the Plan, the Safety-Kleen Creditor Trust (the "Creditor Trust") was formed and Oolenoy Valley Consulting LLC was named as trustee of the Creditor Trust.  Pursuant to the Plan, the Trustee is empowered to reconcile and resolve certain claims, including the claims that are the subject of this Motion.

8.      Certain claimants (the "Personal Injury Claimants") in these cases have filed contingent and/or unliquidated prepetition proofs of claim (the "Personal Injury Claims") against one or more of the Debtors' estates alleging that they are entitled to a distribution from

the Creditor Trust due to alleged personal injuries they suffered as a result of dealings with one or more of the Debtors. A list of the Personal Injury Claims is attached hereto as Exhibit A.

9.    Pursuant to Rule 5011-1 of the Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court of the District of Delaware ("Local Rules"), the Trustee has simultaneously filed a motion to determine whether the matters at issue are core or non-core.

BASIS FOR RELIEF REQUESTED

I.    "CAUSE" EXISTS FOR THE COURT TO WITHDRAW THE REFERENCE BECAUSE SECTION 157(B)(5) DEPRIVES THE BANKRUPTCY COURT OF JURISDICTION TO ADJUDICATE THE PERSONAL INJURY CLAIMS

10.    Pursuant to 28 U.S.C. § 157(d) ("Section 157(d)"), a court may "withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." "Cause" exists for the withdrawal of the reference for the Personal Injury Claims because the Bankruptcy Court is without jurisdiction to adjudicate the claims.[1] See Rohr v. Northwestern Corp. (In re Northwestern Corp.), Civ. A. No. 04-110 JJF, 2004 WL 1044421, at *1 (D. Del. April 29, 2004)(a copy of this unreported decision is attached hereto as Exhibit B.

11.    Section 157(b)(5) provides that "the district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending[.]" 28 U.S.C. § 157(b)(5). In a recent decision from the United States District

---

[1]    The Trustee notes that although courts in the Third Circuit generally evaluate "cause" under the factors set forth by the Third Circuit Court of Appeals in In re Pruitt, 910 F.2d 1160, 1168 (3d Cir. 1990)(listing, as relevant considerations, uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of debtors' and creditors' resources, and expediting the bankruptcy process), here, because Section 157(b)(5) mandates that this Court adjudicate the Personal Injury Claims, cause is apparent even without reference to the Pruitt factors.

Court for the District of Delaware, which presented material facts analogous to the instant matter, the Court held that this language in Section 157(b)(5) effectively deprives the Bankruptcy Court of the ability to entertain such claims.  See Northwestern Corp., 2004 WL 1044421, at *1; see also Hansen v. Borough of Seaside Park (In re Hansen), 164 B.R. 482, 485-86 (D.N.J. 1994); Swarcheck v. Manidis (In re Manidis), Adv. No. 93-0181, 1994 WL 250072, at *6 (Bankr. E.D. Pa. May 27, 1994)(holding that, based upon Section 157(b)(5), it "lack[s] jurisdiction to hear and decide Plaintiff's personal injury action against Debtor") (a copy of this unreported decision is attached hereto as Exhibit C); Williamson v. Patterson (In re Patterson), 150 B.R. 367, 368 (E.D. Va. 1993).  As in Northwestern, here, Section 157(b)(5) prohibits the Bankruptcy Court from liquidating the Personal Injury Claims and requires that the reference be withdrawn.  See Northwestern, 2004 WL 1044421, at *1.

12.    In sum, as a result of Section 157(b)(5)'s prohibition against the Bankruptcy Court's hearing of the Personal Injury Claims, this Court should withdraw the reference for "cause" shown.

## CONCLUSION

13.    For the foregoing reasons, the Trustee respectfully requests that the Court grant this Motion for withdrawal of the reference to the Bankruptcy Court.

## WAIVER OF RIGHT TO FILE BRIEF IN SUPPORT

14.    In light of the nature of the relief requested, and because this Motion raises no novel issues of law, the Trustee hereby waives its right to file a brief in support of this Motion as provided by D. Del. L.R. 7.1.2, except that it reserves all rights to file a reply brief in response to any opposition to this Motion.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order, substantially in the form attached hereto as Exhibit D, granting the Motion and withdrawing the reference to the Bankruptcy Court with respect to the Personal Injury Claims and granting such other and further relief as the Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Donna L. Culver (#2983)
Curtis S. Miller (#4583)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
Attorneys for Oolenoy Valley Consulting LLC

May 16, 2006

515733

**EXHIBIT A**

| Name | Claim No | Detail Amt | Nature of Claim |
|------|----------|-----------|-----------------|
| ALLWASTE (E. WEBB ET AL.) | 6410 | Unliquidated | LITIG - BODILY INJURIES |
| ALLWASTE (J. ORTEGO ET AL.) | 9244 | Unliquidated | LITIG - BODILY INJURIES |
| ALLWASTE (J. WHITE ET AL.) | 9245 | Unliquidated | LITIG - BODILY INJURIES |
| ALLWASTE (L. SHELTON ET AL. | 9243 | Unliquidated | LITIG - BODILY INJURIES |
| BORTHWICK, DONNA M. & WILL | 4933 | $1,100,000.00 | LITIG - BODILY INJURIES |
| CHMIELARSKI, DONNA | 5821 | $13,057.75 | LITIG - BODILY INJURIES |
| CIRINA BARBARA | 6640 | Unliquidated | LITIG - BODILY INJURIES |
| DONNA BORTHWICK | 16447 | $1,100,000.00 | LITIG - BODILY INJURIES |
| EARTHA MORRIS | 4491 | $13,714.50 | LITIG - BODILY INJURIES |
| GIORDANO, JOHN R. | 14882 | Unliquidated | LITIG - BODILY INJURIES |
| HAWKS WANDA | 7349 | $30,000.00 | LITIG - BODILY INJURIES |
| KELLEY, CARLA | 6517 | $20,000.00 | LITIG - BODILY INJURIES |
| KUEGELER, MILDRED | 5822 | $9,172.74 | LITIG - BODILY INJURIES |
| STEVENSON KAITLY | 7653 | $10,000.00 | LITIG - BODILY INJURIES |
| STOWE, CRAIG A. | 16555 | $448,880.66 | LITIG - BODILY INJURIES |
| TARYN GREMILLION | 5819 | $1,500,000.00 | LITIG - BODILY INJURIES |
| TULLOCK, SHARON | 11384 | $5,000,000.00 | LITIG - BODILY INJURIES |
| WILLIE MORRIS | 4489 | $11,745.00 | LITIG - BODILY INJURIES |

**EXHIBIT B**

Westlaw.

Not Reported in F.Supp.2d                                                    Page 1

Not Reported in F.Supp.2d, 2004 WL 1044421 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

**H**
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
In re: NORTHWESTERN CORPORATION,
Debtor.
Roger ROHR and Carol Rohr Plaintiffs,
v.
NORTHWESTERN CORPORATION, Defendant.
No. 03-12872 CGC, 04-110 JJF.

April 29, 2004.

Noel C. Burnham, of Montgomery, McCracken, Walker & Rhoads, LLP, Wilmington, Delaware, Brent R. Cromley, Douglas James, and Thomas A. Mackay, of Molton, Bellingham, Longo & Mather, P.C., Billings, Montana, for Plaintiffs, of Counsel.
Charles Michael Terribile, of Greenburg Traurig, LLP, Wilmington, Delaware, for Defendant.
Mark S. Kenney, Office of the United States Trustee, Wilmington, Delaware, for United States Trustee.
Charlene D. Davis, of the Bayard Firm, Wilmington, Delaware, for the Official Committee of Unsecured Creditors.

*MEMORANDUM OPINION*
FARNAN, J.
**\*1** Presently before the Court is the Motion For Withdrawal Of Reference And Transfer To United States District Court In Judicial District Of Montana, Butte Division filed by Plaintiffs Roger and Carol Rohr (collectively "Plaintiffs"). (D.I.1.) For the reasons discussed, the Court will grant the Motion.

BACKGROUND

On or about June 22, 2002, Roger Rohr was working on a roof when he came into contact with a power line. Due to this contact, Mr. Rohr was knocked off the roof and sustained serious injuries. On or about November 4, 2002, Plaintiffs filed a complaint and requested a jury trial in Montana state court alleging that Mr. Rohr's injury were the result of Northwestern Energy, L.L.C.'s ("Northwestern") negligence.

Northwestern is the successor in interest to Montana Power. Northwestern is a wholly owned subsidiary of Northwestern Corporation, a Delaware corporation currently in Chapter 11 bankruptcy in the United States Bankruptcy Court in the District of Delaware (the "Delaware Bankruptcy"). Northwestern is not a named party in the Delaware Bankruptcy. By their Motion, Plaintiffs move the Court to withdraw the reference and transfer this action to the United States District Court in the Judicial District of Montana, Butte Division (the "Montana District Court").[FN1]

> FN1. Defendant did not file an opposition brief to Plaintiffs Motion, and therefore, the Court will resolve the instant matter on the limited record before it.

DISCUSSION

I. Permissive Withdrawal [FN2]

> FN2. Because Northwestern is not a named party in the Delaware Bankruptcy and only a subsidiary of the Debtor, the automatic stay does not prohibit the Court from addressing the merits of the instant motion. *See Maritime Elec. Co., Inc. v. United Jersey Bank,* 959 F.2d 1194, 1205 (3d Cir.1992).

The Court is persuaded that Plaintiffs have shown sufficient "cause" to justify permissive withdrawal. The first sentence of Section 157(d) provides that a

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d

Not Reported in F.Supp.2d, 2004 WL 1044421 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

district court may withdraw the reference of any case under this section "for cause." 28 U.S.C. § 157(d). Courts in the Third Circuit have enumerated a number of factors that may constitute "cause," including: the goal of promoting uniformity in bankruptcy administration, whether the action is core or non-core, judicial efficiency, and discouraging forum shopping. *In re Pruitt,* 910 F.2d 1160, 1168 (3d Cir.1990)(citing *Holland Am. Ins. Co. v. Succession of Roy,* 777 F.2d 992, 999 (5th Cir.1985)); *In re G-I Holdings, Inc.,* 295 B.R. 211, 216 (D.N.J.2003).

The Court concludes that permissive withdrawal is proper because, pursuant to 28 U.S.C. § 157(b)(5), the Bankruptcy Court is without subject matter jurisdiction over Plaintiffs' claims. Section 157(b)(5) provides:

The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

28 U.S.C. § 157(b)(5). The mandate from Section 157(b)(5), that personal injury tort and wrongful death claims be tried by the district court, effectively deprives the Bankruptcy Court of jurisdiction to entertain the instant action. *See Hansen v. Borough of Seaside Park,* 164 B.R. 482, 485-86 (D.N.J.1994)(citing *Vinci v. Town of Carmel,* 108 B.R. 439, 441-42 (Bankr.S.D.N.Y.1989)); *In re Manidis,* Bankr.Adv. No. 93-0181, 1994 WL 250072, *6-7 (Bankr.E.D.Pa. May 27, 1994) (citations omitted). Accordingly, the Court concludes that permissive withdrawal is appropriate in this case. *See In re Patterson,* 150 B.R. 367, 368 (E.D.Va.1993).

II. Transfer Pursuant To 28 U.S.C. § 157(b)(5)

*2 The Court also concludes that a transfer to the Montana District Court is appropriate. As cited above, Section 157(b)(5) permits a district court to order personal injury and wrongful death claims to be tried in the district where the bankruptcy action is proceeding or in the district where the claim

arose. In the Court's view, the circumstances in this case require the Court to exercise its discretion and order a transfer to Montana.

The events at the heart of this action all occurred in Montana. Also, Plaintiffs have indicated their intention to consolidate the instant action with the pending Montana state court action if the instant action is transferred to the Montana District Court. (D.I. 2 at 4.) Further, the claims in the instant action involve Montana tort principles and all of the witnesses reside in that state. *Id.* at 14. Based on these facts, and pursuant to the authority provided by Section 157(b)(5), the Court is persuaded that principles of judicial economy and the convenience of the parties require the Court to exercise its discretion and transfer this action to the Montana District Court.

CONCLUSION

For the reasons discussed, the Court will grant the Motion to Withdraw and transfer this action to the Montana District Court.

*ORDER*

At Wilmington, this *29* day of April, 2004, for the reasons set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that:
1) The Motion For Withdrawal Of Reference And Transfer To United States District Court In Judicial District Of Montana, Butte Division filed by Roger and Carol Rohr (D.I.1) is *GRANTED;*
a) The reference to the Bankruptcy Court is *WITHDRAWN* pursuant to 28 U.S.C. § 157(d);
b) This matter is transferred to the United States District Court in the Judicial District of Montana, Butte Division.

D.Del.,2004.
In re Northwestern Corp.
Not Reported in F.Supp.2d, 2004 WL 1044421 (D.Del.)

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                              Page 3

Not Reported in F.Supp.2d, 2004 WL 1044421 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**


Briefs and Other Related Documents (Back to top)

• 2005 WL 2603679 (Trial Motion, Memorandum
and Affidavit) Appellants' Consolidated Reply to (i)
Northwestern Corporation's Reply to Appellants'
Opening brief (ii) Brief of Appellee, Plan
Committee and (iii) Joinder of AD Hoc Committee
of Class 7 Debtholders to Plan Committee's Brief in
Response to Opening B rief of Appellants (Sep. 7,
2005)
• 2005 WL 2398233 (Trial Motion, Memorandum
and Affidavit) Northwestern Corporation's
Designation of Additional Documents for the
Record and Objection to Statement of Issues on
Appeal (Jul. 29, 2005)
• 2005 WL 2385530 (Trial Motion, Memorandum
and Affidavit) Opening Brief of Appellants (Jul. 27,
2005)
• 1:04CV00110 (Docket) (Feb. 20, 2004)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**EXHIBIT C**

Westlaw.

Not Reported in B.R.                                                                                   Page 1

Not Reported in B.R., 1994 WL 250072 (Bkrtcy.E.D.Pa.)
**(Cite as: Not Reported in B.R.)**

▷
Only the Westlaw citation is currently available.
United States Bankruptcy Court, E.D. Pennsylvania.
In re Andrew J. MANIDIS, Debtor.
Denise SWARCHECK, Plaintiff,
v.
Andrew J. MANIDIS, Defendant.
**Bankruptcy No. 92-17643 DWS.**
**Adv. No. 93-0181.**

May 27, 1994.

Thomas J. O'Malley, Media, PA, for debtor/defendant.
John G. Gray, Media, PA, for plaintiff.
Joseph Minni, Office of U.S. Trustee, Philadelphia, PA, trustee.

*OPINION*
DIANE WEISS SIGMUND, Bankruptcy Judge.
*1 Before the Court is a Complaint Objecting to the Discharge of the Debtor, Andrew J. Manidis, filed by Denise Fowler nee Swarcheck ("Plaintiff"). In the Complaint, Plaintiff alleges that her unliquidated claim against Debtor arising out of Debtor's sexual assault and alleged false imprisonment of her is nondischargeable as a " willful and malicious injury" under § 523(a)(6) of the United States Bankruptcy Code (the "Code"), 11 U.S.C. § 523(a)(6). Plaintiff also requests this Court to liquidate her claim against Debtor and enter a judgment in her favor awarding both compensatory and punitive damages. Debtor consents to this Court's liquidation of Plaintiff's claim. For the reasons stated herein, we conclude that Plaintiff's claim against Debtor is nondischargeable under § 523(a)(6). However, this Court lacks subject matter jurisdiction to liquidate the amount of Plaintiff's personal injury tort claim and therefore cannot do so notwithstanding the parties' consent.[FN1]

*BACKGROUND.*

Plaintiff worked for Debtor at his car repair shop on and off during school breaks since she was 17 years old.[FN2] At the time of the incidents giving rise to the Complaint, Plaintiff was a 22 year old college student. On two consecutive days in January, 1991,[FN3] while Plaintiff was working for Debtor, Debtor initiated and pursued certain conduct which culminated in her filing a criminal complaint against Debtor.

On or about July 8, 1991, Debtor plead guilty to two counts of indecent assault against Plaintiff. Exhibit D-6. "Indecent assault" is a misdemeanor of the second degree in Pennsylvania the elements of which are set forth at 18 Pa.C.S.A. § 3126(1):
§ 3126. Indecent assault
A person who has indecent contact with another not his spouse, or causes such other to have indecent contact with him is guilty of indecent assault, a misdemeanor of the second degree, if:

(1) He does so without the consent of the other person; "Indecent contact" within the meaning of 18 Pa.C.S.A. § 3126(1) is defined as "[a]ny touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in either person". 18 Pa.C.S.A. § 3101. Debtor admitted in the guilty plea to indecently touching Plaintiff without her consent on January 8 and 9, 1991.

Plaintiff filed a lawsuit in the Court of Common Pleas of Chester County seeking damages for injuries resulting from the assaults and alleged false imprisonment;[FN4] Chester County C.C.P. No. 91-11186 (the "State Court Action"). Debtor answered the complaint filed in the State Court Action and Plaintiff's deposition was taken. No other action has occurred in the State Court Action which was stayed on December 10, 1992 by Debtor's bankruptcy filing.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in B.R.                                                                              Page 2

Not Reported in B.R., 1994 WL 250072 (Bkrtcy.E.D.Pa.)
**(Cite as: Not Reported in B.R.)**

At trial in this Court, Debtor once again acknowledged the "indecent" conduct (although the details were less egregious than in Plaintiff's version) but claimed, notwithstanding his plea, that Plaintiff had either consented or Debtor erroneously believed she consented to the contact. As such, he urged the Court to find that his actions at worst were reckless or negligent and do not require the resulting claim to be excepted from discharge.

*DISCUSSION.*

I.

*2 Section 523(a)(6) [FN5] excepts from discharge a claim against an individual debtor for willful and malicious injury. Plaintiff must prove that she suffered an injury and that the injury was a result of Debtor's actions which were willful *and* malicious for her claim to be excepted from discharge under § 523(a)(6). Plaintiff must prove each of these elements by a preponderance of the evidence. *Grogan v. Garner,* 498 U.S. 279, 287-88 (1991).

The "willful" element of § 523(a)(6) requires a deliberate or intentional act by the debtor. H.R.Rep. No. 95-595, 95th Cong., 2d Sess. 365 (1977), *reprinted in* 1978 U.S.Code Cong. & Ad.News 5963, 6320-21. *See Blackman v. Gaebler (In re Gaebler),* 88 B.R. 62, 65 (E.D.Pa.1988); *Clemens v. Cobley (In re Cobley),* 89 B.R. 446, 451 (Bankr.E.D.Pa.1988). In drafting § 523(a)(6) to require a deliberate or intentional act by the debtor, Congress intended to overrule *Tinker v. Colwell,* 193 U.S. 473 (1902) and cases relying upon *Tinker* which applied a less strict "reckless disregard" standard. *See* H.R.Rep. No. 95-595, 95th Cong., 2d Sess. 365 (1977), *reprinted in* 1978 U.S.Code Cong. & Ad.News 5963, 6320-21; *Lee v. Ikner (In re Lee),* 883 F.2d 986, 989 (11th Cir.1989) (willful requirement under § 523(a)(6) "can not be established by applying a recklessness standard").

Cases interpreting the "malicious" element of § 523(a)(6) appear to fall into three categories. Some courts have held that for a debt to be nondischargeable under § 523(a)(6) the debtor must

have acted with specific intent to harm. *See, e.g., Dorr, Bentley & Pecha, CPA's. P.C. v. Pasek (In re Pasek),* 983 F.2d 1524, 1527 (10th Cir.1993); *Hartley v. Jones (In re Hartley),* 869 F.2d 394, 395 (8th Cir.), *aff'd, on reh'g, en banc,* 874 F.2d 1254 (8th Cir.1989); *Pyramid Technology Corp. v. Cook (In re Cook),* 146 B.R. 934, 944 (Bankr.E.D.Pa.1992) (in dicta); *Moribondo v. Lane (In re Lane),* 76 B.R. 1016, 1023 (Bankr.E.D.Pa.1987); *West Springfield M.E. Credit Union v. Finnie (In re Finnie),* 10 B.R. 262, 264 (Bankr.D.Mass.1981); *In re Hinkle,* 9 B.R. 283, 286 (Bankr.D.Md.1981); *Grand Piano & Furniture Co. v. Hodges (In re Hodges),* 4 B.R. 513, 516 (Bankr.W.D.Va.1980). Other courts have adopted a much less strict standard and hold that malice requires only an intentional act which results in an injury to the creditor. *See, e.g., St. Paul Fire & Marine Insurance Company v. Vaughn (In re Vaughn),* 779 F.2d 1003, 1010 (4th Cir.1985); *Seven Elves, Inc. v. Eskenazi,* 704 F.2d 241, 245 (5th Cir.1983).

A third approach which is embraced by most courts interpreting § 523(a)(6), including the United States District Court for the Eastern District of Pennsylvania, falls between the two polars and holds that "willful and malicious" requires that "a debtor intentionally committed an act, without just cause or excuse, which necessarily produces injury" . *Gaebler,* 88 B.R. at 65. *See Vulcan Coals, Inc. v. Howard,* 946 F.2d 1226, 1228-29 (6th Cir.1991); *Transamerica Commercial Finance Corporation v. Littleton (In re Littleton),* 942 F.2d 551, 555 (9th Cir.1991); *Kelt v. Quezada (In re Quezada),* 718 F.2d 121, 123 (5th Cir.1983); *Manufacturers Hanover Trust Company v. Kearney Chemicals, Inc. (In re Kearney Chemicals, Inc.),* 468 F.Supp. 1107, 1110 (D.Del.1979); *Fox v. Shervin (In re Shervin),* 112 B.R. 724, 736 (Bankr.E.D.Pa.1990) (Fox, J.). *See also* 3 Collier on Bankruptcy, ¶ 523.16, at 523-129 (15th ed. 1993). We conclude that the District Court in *Gaebler* and Judge Fox in *Shervin* and *Cobley* have stated the correct interpretation of "malicious" under § 523(a)(6).[FN6]

A third approach which is embraced by most courts interpreting § 523(a)(6), including the United States District Court for the Eastern District of

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in B.R.                                                                    Page 3

Not Reported in B.R., 1994 WL 250072 (Bkrtcy.E.D.Pa.)
**(Cite as: Not Reported in B.R.)**

Pennsylvania, falls between the two polars and holds that "willful and malicious" requires that "a debtor intentionally committed an act, without just cause or excuse, which necessarily produces injury" . *Gaebler,* 88 B.R. at 65. *See Vulcan Coals, Inc. v. Howard,* 946 F.2d 1226, 1228-29 (6th Cir.1991); *Transamerica Commercial Finance Corporation v. Littleton (In re Littleton),* 942 F.2d 551, 555 (9th Cir.1991); *Kelt v. Quezada (In re Quezada),* 718 F.2d 121, 123 (5th Cir.1983); *Manufacturers Hanover Trust Company v. Kearney Chemicals, Inc. (In re Kearney Chemicals, Inc.),* 468 F.Supp. 1107, 1110 (D.Del.1979); *Fox v. Shervin (In re Shervin),* 112 B.R. 724, 736 (Bankr.E.D.Pa.1990) (Fox, J.). *See also* 3 Collier on Bankruptcy, ¶ 523.16, at 523-129 (15th ed. 1993). We conclude that the District Court in *Gaebler* and Judge Fox in *Shervin* and *Cobley* have stated the correct interpretation of "malicious" under § 523(a)(6). [FN6]

\*3 Most of the cases do not explain what it means for an intentional act without cause to "necessarily" produce injury. The Ninth Circuit Bankruptcy Appellate Panel in *In re Littleton,* 106 B.R. 632, 638 (9th Cir. BAP 1989), *aff'd sub nom., Transamerica Commercial Finance Corporation v. Littleton (In re Littleton),* 942 F.2d 551 (9th Cir.1991) interpreted the words 'necessarily produces harm' to mean that "the act must be targeted at the creditor, at least in the sense that the act is certain or almost certain to cause ... harm". The Ninth Circuit Court of Appeals in its opinion affirming the Ninth Circuit Bankruptcy Appellate Panel added that a debtor's intentional act necessarily produces harm if the "act is targeted at the creditor and ... the predictable result of the debtor's intentional act would almost certainly be harmful to the creditor". *Littleton,* 942 F.2d at 555. We agree with the Ninth Circuit Court of Appeal's interpretation of the phrase "necessarily produces harm" but expand it to include not only those intentional acts targeted at the injured creditor but also those intentional acts not targeted at any specific creditor but from which it is predictable that the injured creditor could be harmed.

In determining what it means for an act to necessarily produce injury, it is also helpful to understand what it does not mean and this we can

determine from the interpretations of "malicious" rejected by the District Court in *Gaebler.* First, it does not mean that the person doing the act must have intended the specific injury to occur. Second, it does not mean that an injury merely happened to result from the act committed. The injury must flow from the act and be a predictable result of the debtor's intentional act. For example, in *First National Bank of Albuquerque v. Franklin (In re Franklin),* 726 F.2d 606 (10th Cir.1984) the debtor, a physician, improperly administered anesthesia to the creditor/patient which caused the creditor to suffer a heart attack during surgery resulting in severe brain damage. The court concluded that while the debtor did not intend for the creditor to suffer a heart attack, the debt was nondischargeable because the debtor "intended the acts that he did perform, which acts performed in the manner and under the conditions present in this particular situation necessarily resulted in the injury". *Id.* at 610. Determination of whether an injury suffered by a creditor is malicious within the meaning of § 523(a)(6) is an objective determination which takes into consideration circumstances surrounding the debtor's act and the injury.

*Willful Act.* Debtor admitted in the guilty plea to indecently touching Plaintiff. Exhibit D-6. The guilty plea has issue preclusion [FN7] effect on the " willful" element under § 523(a)(6). It is settled law that issue preclusion applies to bankruptcy proceedings. *Graham v. Internal Revenue Service (In re Graham),* 973 F.2d 1089, 1097 (3d Cir.1992) (citing to *Grogan,* 498 U.S. at 284-85, n. 11). *But see Howkins v. Butler (In re Butler),* 86 B.R. 829, 831 (Bankr.E.D.Pa.1988) (Scholl, J.) (the application of issue preclusion to dischargeability complaints is not broad). Issue preclusion applies when the following four elements are found:

\*4 (1) the issue sought to be precluded is the same as that involved in the prior action;

(2) the issue must have actually litigated;

(3) the issue must have been determined by a valid and final judgment; and

(4) the determination of the issue was essential to

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in B.R.                                                                                           Page 4

Not Reported in B.R., 1994 WL 250072 (Bkrtcy.E.D.Pa.)
**(Cite as: Not Reported in B.R.)**

the prior judgment.

*Graham,* 973 F.2d at 1097; *In re Ross,* 602 F.2d 604, 608 (3d Cir.1979).

Guilty pleas, as opposed to more traditional adjudications, also have issue preclusion effect.[FN8] *De Cavalcante v. Commissioner of Internal Revenue,* 620 F.2d 23, 26 n. 9 (3d Cir.1980). Bankruptcy courts have denied discharge where the essential facts precluding discharge have been established by a guilty plea. *See, e.g., American National Bank v. Cooper (In re Cooper),* 125 B.R. 777 (Bankr.N.D.Ill.1991) (§ 523(a)(6)); *Arizmendi v. Mc Eldowney (In re McEldowney),* 123 B.R. 155 (Bankr.D.P.R.1991) ( § 523(a)(6)); *Nassau Suffolk Limousine Association, Inc. v. Jardula (In re Jardula),* 122 B.R. 649 (Bankr.E.D.N.Y.1990) (§ 523(a)(4)); *Coleman v. Baker (In re Baker),* 108 B.R. 663 (Bankr.S.D.Ill.1990) (§ 523(a)(6)). Generally, a guilty plea admits the minimum facts necessary to sustain the criminal charge. *De Cavalcante,* 620 F.2d at 26 n. 9.

In cases applying issue preclusion to guilty pleas in the context of a dischargeability proceeding, the key appears to be the identity of the elements of the crime to which the debtor plead guilty and the elements of the section under which dischargeability is sought. In *Coleman,* the debtor plead guilty to aggravated assault. Under the Illinois Criminal Code, aggravated assault is a crime in which the perpetrator must act willfully and with knowledge of the harm that could result from the assault. The court concluded that the elements of aggravated assault under the Illinois Criminal Code satisfied the requirements of "willful and malicious" under § 523(a)(6) and the debt was declared nondischargeable.

Debtor in this matter plead guilty to the crime of indecent assault. Debtor's guilty plea admits the necessary elements to sustain his conviction which are: (1) indecent contact with Plaintiff, (2) Plaintiff is not Debtor's spouse, and (3) the contact was without Plaintiff's consent. 18 Pa.C.S.A. § 3126(1). Debtor's guilty plea precludes relitigation of the issue whether he intended to and deliberately had contact with Plaintiff and whether Plaintiff

consented to the contact.[FN9]

Since malice as that term is used in § 523(a)(6) is not an element of indecent assault under Pennsylvania law, the guilty plea has no issue preclusion effect as to that element and Debtor is not barred from introducing evidence to deny that he acted maliciously.

*Malicious.* Debtor's assault of Plaintiff was wrongful and without just cause or excuse and necessarily caused injury to Plaintiff. Debtor's assaults of Plaintiff was clearly wrongful and he was convicted of a crime arising out of assaults. Debtor attempted to argue that his action was supported by just cause or excuse. Debtor testified that he initiated contact with Plaintiff because he was "feeling old" and felt close to Plaintiff having known her and worked with her for a long time. Despite the fact that Debtor was married and knew that Plaintiff was dating her long time boyfriend, Debtor testified that in his mind he felt like he and Plaintiff were boyfriend and girlfriend. Debtor further testified that while Plaintiff did not initiate the indecent contact, she had flirted with him in the past and made a special effort to spend time with him. Plaintiff denies such conduct.

**\*5** Debtor's arguments are unpersuasive. Debtor's problems concerning his age do not justify or excuse his assaults of Plaintiff. Further, we find no evidence that Plaintiff enticed Debtor into making indecent contact with her. Debtor testified at length regarding pictures of Plaintiff and him sitting together at a local raceway insinuating that Plaintiff went out of her way to spend time with him. It turned out, however, that Plaintiff attended the raceway with her now husband and that Debtor's children first saw Plaintiff; Plaintiff was not looking for Debtor. Also, Debtor's wife took the pictures of Plaintiff and Debtor. Debtor's insinuations that Plaintiff encouraged the assaults are not credible and fail to excuse or justify his wrongful conduct.

Plaintiff testified that she suffered both physical and emotional injuries as a result of Debtor's assaults. Plaintiff's physical injuries included stomach upsets, occasional vomiting, sleeplessness, and headaches.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in B.R.                                                                                          Page 5

Not Reported in B.R., 1994 WL 250072 (Bkrtcy.E.D.Pa.)
**(Cite as: Not Reported in B.R.)**

Most of the physical injuries lasted for approximately one and one-half to two weeks after the assaults. Plaintiff offered no testimony of treatment for physical injuries. Plaintiff's emotional injuries included nervousness, the inability to concentrate, confusion, fear, shock, and general emotional distress. Plaintiff sought treatment for her emotional injuries from a psychiatrist at her college for approximately two months following the assaults. Defendant testified that he was contacted by Plaintiff's psychiatrist. Plaintiff also testified that her inability to concentrate for an extended period of time after the assaults caused her grades to drop from As and Bs to Ds and Fs.

Debtor attempted to show that Plaintiff did not suffer physical or emotional injuries from the assaults because, among other things, she did not go to a hospital after the assaults, she accepted a ride home from Debtor after the second assault, and she returned to work after the assaults.[FN10] Debtor's arguments are unpersuasive. The fact that Plaintiff was not in need of medical attention for her physical injuries does not mean that she did not suffer the physical injuries she described in her testimony, but merely that they were not severe enough to require medical attention. Plaintiff testified that she accepted the ride from Debtor because it was her only way home and if she did not ride with Debtor her family would ask her why and she did not want anyone to know about the assaults. Further, according to Debtor's own testimony, Plaintiff was "naive" at the time of the assaults. It is certainly not surprising or unusual that a scared and naive 22 year old assaulted twice by a long time family friend does not react in a manner that someone outside of the situation might consider appropriate. Plaintiff suffered physical and emotional injuries as a result of the assaults and from Plaintiff's demeanor on the witness stand it is obvious that she remains troubled by the assaults almost three and one-half years later.

**\*6** Not only were Debtor's assaults of Plaintiff wrongful and without just cause or excuse, they necessarily caused her injury. After hearing the legally taped January 29, 1991 wiretap conversation between Debtor and Plaintiff, we do not believe that Debtor had an evil motive and intended to cause Plaintiff harm. Evil motive, however, is not necessary to a finding that an injury was malicious under § 523(a)(6). The Debtor intended the actions he committed, i.e., the assaults, Debtor's intentional acts were directed at Plaintiff, and the injuries suffered by Plaintiff were predictable and necessarily flow from the assaults.

II.

Having found that Plaintiff's claim survives Debtor's bankruptcy discharge, we are precluded by our lack of subject matter jurisdiction to liquidate her claim. Section 157(b)(5) of title 28 of the United States Code [FN11] provides the United States District Court for the Eastern District of Pennsylvania, as the district court in the district in which the bankruptcy case is pending, with jurisdiction to either hear and decide Plaintiff's personal injury case or transfer it to the district court in the district in which the claim arose, which also happens to be the Eastern District of Pennsylvania. Courts have interpreted 28 U.S.C. § 157(b)(5) to deprive bankruptcy courts of the jurisdiction not only to decide but to even hear personal injury tort cases such as Plaintiff's case against Debtor. This can be contrasted to a bankruptcy court's limited jurisdiction to hear but not render a final decision, absent consent of the parties, in other non-core matters. *See* 28 U.S.C. § 157(c)(1); *Crossley v. Lieberman,* 90 B.R. 682, 692 (E.D.Pa.1988), *aff'd,* 868 F.2d 566 (3d Cir.1989) (Bankruptcy court may not hear matters within the scope of § 157(b)(5)); *Computerware, Inc. v. Micro Design, Inc. (In re Micro Design, Inc.),* 120 B.R. 363, 367-68, (Bankr.E.D.Pa.1990) ("Any proceeding within the scope of § 157(b)(5) must be tried in the district court and cannot even be heard in the bankruptcy court, as can a non-core proceeding").[FN12]

"Personal injury torts" within the meaning of 28 U.S.C. § 157(b)(5) have been defined to be limited to "those torts or causes of action which require proof of damages as an element of the underlying cause of action". *Littles v. Lieberman (In re Littles),* 75 B.R. 240, 242 (Bankr.E.D.Pa.1987). *See also Hansen v. The Borough of Seaside Park (In re*

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in B.R.                                                                                          Page 6

Not Reported in B.R., 1994 WL 250072 (Bkrtcy.E.D.Pa.)
**(Cite as: Not Reported in B.R.)**

*Hansen),* 164 B.R. 482, 486 (D.N.J.1994) ("The term 'personal injury torts' embraces a broad category of private or civil wrongs for which a court provides a remedy in the form of an action for damages, and includes damage to an individual's person and any invasion of personal rights, ..."). We need not decide herein whether to expressly adopt this definition of personal injury torts under 28 U.S.C. § 157(b)(5) because we find that Plaintiff's State Court Action against Debtor requires proof of damages and is a personal injury tort action within this definition.

**\*7** We are aware of a line of cases which hold that the issues of dischargeability and liability, including the liquidation of claims, are intertwined and that the bankruptcy court should determine both issues. *See Longo v. McLaren (In re McLaren),* 3 F.3d 958, 966 (6th Cir.1993); *N.I.S. Corporation v. Hallahan (In re Hallahan),* 936 F.2d 1496, 1508 (7th Cir.1991); *Snyder v. Devitt (In re Devitt),* 126 B.R. 212, 215-16 (Bankr.D.Md.1991); *Billebault v. Schmid (In re Schmid),* 54 B.R. 520, 522 (Bankr.E.D.Pa.1985). Those courts reason that allowing the bankruptcy court to determine both dischargeability and liability "accords with the 'rule generally followed by courts of equity that having jurisdiction of the parties to controversies brought before them, they will decide all matters in dispute and decree complete relief' ". *McLaren,* 3 F.3d at 966 (quoting *Alexander v. Hillman,* 296 U.S. 222, 242 (1935)).

None of those cases, however, involved matters within the scope of 28 U.S.C. § 157(b)(5) but, rather, involved underlying causes of action over which the bankruptcy court had subject matter jurisdiction. While the general policy enunciated by those courts is sound in that it encourages judicial economy and efficiency, it is not applicable here where this Court specifically lacks subject matter jurisdiction over the underlying cause of action. We therefore lack jurisdiction to hear and decide Plaintiff's personal injury action against Debtor. The parties' consent to this Court determining the matter does not grant jurisdiction where none otherwise exists. *In re Dolly Madison Industries, Inc.,* 326 F.Supp. 441, 443 (E.D.Pa.1971); *In re Pittsburgh Rys. Co.,* 60

F.Supp. 600, 603 (E.D.Pa.1945).

28 U.S.C. § 157(b)(5) does not mandate that the State Court Action be removed to federal court. *See In re White Motor Credit,* 761 F.2d 270, 273 (6th Cir.1985); *Brenes v. United States Lines, Inc. (In re United States Lines, Inc.),* 128 B.R. 339, 341 (S.D.N.Y.1991); *Franklin Computer Corporation,* 50 B.R. at 625. Plaintiff may pursue the State Court Action to completion in order to determine the amount of her nondischargeable judgment against Debtor. Given our jurisdictional disability and the potentially prejudicial effect of the further passage of time, we will grant relief from the automatic stay to allow Plaintiff to take this action.

An Order consistent with the foregoing Opinion will be entered.

> FN1. At the trial of this matter, we advised the parties of our view that we did not have authority to liquidate the plaintiff's claim because it was a personal injury tort claim which only an Article III Court could adjudicate. *See* pp. 14-18 *infra.* We noted that the Debtor had no assets to be distributed in his Chapter 7 bankruptcy case so liquidation of the claim was not necessary to administer and close the case, and further the possibility that the claim would be discharged therefore mooting the need for that adjudication. The parties chose to proceed with the trial of the dischargeability issue before the bankruptcy court.

> FN2. Debtor knew Plaintiff since she was nine years old and was a friend of her family. Debtor and Plaintiff attended the same church and were involved in church activities together including softball and volleyball.

> FN3. Plaintiff was confused whether the assaults took place on January 8 and 9, 1991 or January 10 and 11, 1991. Plaintiff recalled that the assaults occurred on a Thursday and a Friday which would

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in B.R., 1994 WL 250072 (Bkrtcy.E.D.Pa.)
**(Cite as: Not Reported in B.R.)**

have been January 10 and 11, 1991. The guilty plea, Exhibit D-6, and the Complaint, however, both state that the assaults occurred on January 8 and 9, 1991. We note this confusion but do not find it dispositive of the issues before the Court.

FN4. Plaintiff claims that Debtor locked her in his office during the assaults. Debtor did not plead guilty to falsely imprisoning Plaintiff and disputes that he locked Plaintiff in his office. Since the question of false imprisonment is not dispositive of the issue before this Court, we will not address the contradictory evidence on this point.

FN5. Section 523(a)(6) provides as follows:
§ 523. Exceptions to discharge
(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt-
(6) for willful and malicious injury by the debtor to another entity or to property of another entity;

FN6. This interpretation is not universally held by the bankruptcy judges in this district. Judge Scholl holds that the creditor must show that the debtor had specific intent to injure the creditor to establish malice under § 523(a)(6). *Pyramid Technology Corp. v. Cook (In re Cook),* 146 B.R. 934, 944 (Bankr.E.D.Pa.1992) (in dicta; a post-*Gaebler* decision); *Moribondo v. Lane (In re Lane),* 76 B.R. at 1016, 1023 (Bankr.E.D.Pa.1987). Chief Judge Twardowski similarly held that specific intent to injure is required in *First Valley Bank v. Ramonet (In re Ramonet),* 82 B.R. 714, 721 (Bankr.E.D.Pa.1988) (a pre-*Gaebler* decision) but retreated from that position in *ITT Consumer Discount Company v. Horldt (In re Horldt),* 86 B.R. 823, 827 (Bankr.E.D.Pa.1988), also a pre-

*Gaebler* decision, where he concluded that requiring a creditor to prove that the debtor had a specific intent to injure imposes a difficult if not insurmountable burden on the creditor. Instead, Judge Twardowski held that a creditor need not show direct evidence of the debtor's intent to harm but may prove the existence of malice through circumstantial evidence. *Id.* at 828.

FN7. As suggested by the Third Circuit Court of Appeals in *Gregory v. Chehi,* 843 F.2d 111, 116 (3d Cir.1988) in an attempt to clarify confusion surrounding the doctrines of collateral estoppel and res judicata, we adopt the terms "issue preclusion" for the doctrine known as collateral estoppel and "claim preclusion" for the doctrine known as res judicata.

FN8. We note that leading commentators disapprove of the trend in the courts to afford guilty pleas issue preclusion effect based upon their view that, *inter alia,* conviction upon a guilty plea does not rest upon the actual adjudication of any issue. 18 Wright, Miller & Cooper, *Federal Practice and Procedure* § 4474 (1981). *See also* 1B Moore's Federal Practice ¶ 0.418[1] at 558 (1993); Ferriell, *The Preclusive Effect of State Court Decisions in Bankruptcy-First Installment,* 58 Am.Bankr.L.J. 349, 360-61 (1984). The United States Supreme Court in *Kennedy v. Mendoza-Martinez,* 372 U.S. 144, 157 (1963) stated in *dictum* that a fact admitted to in a guilty plea may support the conclusion that the issue was not litigated and thereby preclude application of collateral estoppel. Courts, however, have generally concluded that a guilty plea satisfies the 'actually litigated' requirement of issue preclusion. *See, e.g., American National Bank v. Cooper (In re Cooper),* 125 B.R. 777, 780 (Bankr.N.D.Ill.1991); *Nassau Suffolk Limousine Association, Inc. v. Jardula (In re Jardula),* 122 B.R. 649, 654-55

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in B.R.                                                                                     Page 8

Not Reported in B.R., 1994 WL 250072 (Bkrtcy.E.D.Pa.)
**(Cite as: Not Reported in B.R.)**

*(Bankr.E.D.N.Y.1990).*

FN9. Even if the guilty plea did not have issue preclusion effect on the issue of " willfulness" under § 523(a)(6), a different result would not be required. In the cassette tape of the legally conducted January 29, 1991 wiretap introduced into evidence, Debtor admitted that he wanted to touch Plaintiff and intentionally and deliberately did so. Debtor did not take the position either in Court or during the taped telephone conversation with Plaintiff that he accidentally or unintentionally touched Plaintiff.

FN10. It appears from evidence produced by Debtor that Plaintiff worked on January 10 and 11, 1991. Exhibits D-1 and D-2 (copies of Debtor's checks written by Plaintiff on January 10 and 11, 1991), and D-3 (copy of a payroll ledger with an entry made by Plaintiff on January 10, 1991). Plaintiff acknowledged that her handwriting appears on Exhibits D-1, D-2, and D-3. If the assaults occurred on January 8 and 9, 1991, *see* footnote 1, *infra,* it appears that Plaintiff did return to work the two days immediately following the assaults. Plaintiff claims that she did not return to work after the second assault.

 We do not find that either party is attempting to intentionally deceive the Court. At worst, one party, and we make no finding which one, is mistaken due to the passage of time and the emotions involved in this sensitive matter.

FN11. 28 U.S.C. § 157(b)(5) provides as follows:
(b)(5) The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

FN12. *See also Kaiser Steel Corporation v. Frates (In re Kaiser Steel Corporation),* 911 F.2d 380, 390 (10th Cir.1990) (" Bankruptcy judges are specifically prohibited from trying personal injury tort and wrongful death claims"); *Hansen v. The Borough of Seaside Park (In re Hansen),* 164 B.R. 482, 485 (D.N.J.1994) ( "[B]ankruptcy courts do not have subject matter jurisdiction over personal injury tort causes of action"); *Williamson v. Patterson (In re Patterson),* 150 B.R. 367, 368, (E.D.Va.1993) ("Congress has mandated trial in the district court of personal injury tort actions, 28 U.S.C. § 157(b)(5), and thereby specifically excepted such actions from bankruptcy court jurisdiction"); *Franklin Computer Corporation v. Harry Strauss & Sons, Inc. (In re Franklin Computer Corporation),* 50 B.R. 620, 625 (Bankr.E.D.Pa.1985) ( " Notwithstanding other provisions of [28 U.S.C.] § 157(b), personal injury tort and wrongful death claims may not be heard by a bankruptcy court but must be resolved by the district court or state court").

Bkrtcy.E.D.Pa.,1994.
In re Manidis
Not Reported in B.R., 1994 WL 250072 (Bkrtcy.E.D.Pa.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**EXHIBIT D**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SAFETY-KLEEN CORP., et al., | Case No. 00-2303 (PJW) |
| Debtors. | Jointly Administered |

## ORDER WITHDRAWING REFERENCE

WHEREFORE, this matter having come before the Court on Oolenoy Valley Consulting LLC's (the "Trustee") Motion To Withdraw The Reference To The Bankruptcy Court (the "Motion") in the above-captioned cases;

WHEREFORE, having duly considered the parties' submission and having found that the relief requested by the Motion is proper and in the best interests of the Debtors' estates;

NOW, THEREFORE, it is hereby ordered that the Motion is GRANTED and the reference in the above-captioned adversary proceeding is withdrawn to the United States District Court for the District of Delaware pursuant to 28 U.S.C. § 157(d).

_____
United States District Judge

Dated:_____, 2005

515733

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SAFETY-KLEEN CORP., <u>et al.</u>, | Case No. 00-2303 (PJW) |
| Debtors. | Jointly Administered |

### <u>AMENDED ORDER WITHDRAWING REFERENCE</u>

WHEREFORE, this matter having come before the Court on Oolenoy Valley Consulting LLC's (the "Trustee") Motion To Withdraw The Reference To The Bankruptcy Court (the "Motion") in the above-captioned cases;

WHEREFORE, having duly considered the parties' submission and having found that the relief requested by the Motion is proper and in the best interests of the Debtors' estates;

NOW, THEREFORE, it is hereby ordered that the Motion is GRANTED and the Personal Injury Claims[1] are withdrawn to the United States District Court for the District of Delaware pursuant to 28 U.S.C. § 157(d).

_____
United States District Judge

Dated:_____, 2005

520775

---

[1]    All capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

**TRANSMITTAL SHEET FOR WITHDRAWAL OF REFERENCE TO THE**
**U.S. DISTRICT COURT FOR THE DISTRICT OF DELAWARE**

**Bankruptcy Case #:**                    00-2303 PJW
                                          Safety-Kleen

**District Court Civil Action#:**

**Deputy Clerk Transferring Case:**       M. Walter

**Case Type:**                            Bankruptcy

**Cause of Transmittal:**                 Personal Injury Claims

**Parties:**                              Oolenoy Valley Consulting, LLC as
                                          Trustee of the Safety-Kleen Creditor Trust

**Plaintiff's Counsel:**                  Curtis Miller

                                          Morris Nichols Arsht & Tunnell LLP

                                          1201 N. Market Street

                                          Wilmington, DE 19899-1347

                                          (302) 658-9200

revised: 10/20/03

F:\FORMS\TRANSWTH.wpd