IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SAFETY-KLEEN CORP., et al.,<br><br>Debtors. | Case No. 06-0354 (GMS) |

**OOLENOY VALLEY CONSULTING LLC'S MOTION TO ESTIMATE CERTAIN PERSONAL INJURY CLAIMS AND TO SET SCHEDULE FOR COMPLETION OF DISCOVERY**

Pursuant to 11 U.S.C. § 502(c), Oolenoy Valley Consulting LLC, as trustee of the Saftey-Kleen Creditor Trust (the "Trustee"), hereby moves the Court (the "Motion") for an order estimating the value of the personal injury claims listed on the attached Exhibit A, and setting a scheduling conference to establish a schedule for the orderly completion of discovery with respect thereto. As grounds for this Motion, the Trustee respectfully states as follows:

## BACKGROUND

1. On June 9, 2000 (the "Petition Date"), Safety-Kleen Corp. and its affiliated debtors (collectively, the "Debtors") commenced their respective reorganization cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") thereby becoming debtors in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

2. On June 13, 2000, the Bankruptcy Court entered an order providing for the joint administration of the Debtors' chapter 11 cases pursuant to Fed. R. Bankr. P. 1015(b) and consolidating them for procedural purposes only.

3. On June 23, 2000, the United States Trustee appointed an official committee of unsecured creditors. No trustee or examiner has been appointed in any of the Debtors' chapter 11 cases.

4. On August 1, 2003, the Bankruptcy Court entered an order confirming the Modified First Amended Joint Plan of Reorganization of Safety-Kleen Corp. and Certain of its Direct and Indirect Subsidiaries, dated July 21, 2003 (the "Plan"), and on December 24, 2003, the Plan became effective.

5. Pursuant to the Plan, the Safety-Kleen Creditor Trust (the "Creditor Trust") was formed and Oolenoy Valley Consulting LLC was named as trustee of the Creditor Trust. Pursuant to the Plan, the Trustee is empowered to reconcile and resolve certain claims, including the claims that are the subject of this Motion.

6. The claimants identified on the attached Exhibit A (the "Personal Injury Claimants") have filed contingent and/or unliquidated, prepetition proofs of claim (the "Personal Injury Claims") against one or more of the Debtors' estates alleging that they are entitled to distributions from the Creditor Trust on account of personal injuries they allegedly suffered as a result of their dealings with one or more of the Debtors.

7. On May 16, 2006, the Trustee moved to withdraw the standing reference made to the Bankruptcy Court, with respect to the Personal Injury Claims. That motion was granted by this Court on June 12, 2006 [D.I. 3]. Since that time, the Trustee has attempted to contact each of the Personal Injury Claimants for the purpose of obtaining the documentation necessary to enable him to place a value on the Personal Injury Claims for distribution purposes. Although discussions have ensued with several of the claimants or their representatives, these discussions have not borne fruit. Accordingly, the Trustee believes it is necessary and

appropriate for the Court to estimate those claims and respectfully requests that the Court set a scheduling conference for the purpose of establishing a schedule for the orderly completion of the discovery necessary thereto.

## ARGUMENT

### A. Estimation Of The Personal Injury Claims Is Necessary To The Orderly Administration Of The Estate

8. Bankruptcy Code § 105(a) provides, in pertinent part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Section 502(c) of the Bankruptcy Code directs a court to estimate claims. This section provides, in pertinent part:

> There shall be estimated for purposes of allowance under this section --
>
> (1) any contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of the case . . .

11 U.S.C. § 502(c)(1).

9. Courts must estimate a claim pursuant to Section 502 of the Bankruptcy Code if such claim is contingent or unliquidated and the fixing or liquidation of the claim would result in an undue "delay [in] the administration of the case." 11 U.S.C. § 502(c)(1).

10. Claims based on litigation pending as of the petition date, such as the Personal Injury Claims, are by nature both contingent as well as unliquidated. These claims are contingent because they depend on the outcome of the pending litigation and unliquidated because they have not yet been reduced to judgment. As a result, such claims qualify for

*Bittner*, 691 F.2d at 135.  In doing so, the court is bound only by "the legal rules which may govern the ultimate value of the claim . . . [and] those general principals which should inform all decisions made pursuant to the Code." *Id.* at 135-36.  Therefore, the Court may set a scheduling conference to address estimation of these claims.

### B.  Discovery Is Necessary To A Proper Valuation Of The Claims

13.  Estimation of personal injury claims are contested matters subject to the discovery rules contained in Rules 7026 and 7028-7037 of the Bankruptcy Rules.  *See e.g., Official Comm. Of Asbestos Claimants v. Asbestos Property Damage Comm. (In re Federal-Mogul Global Inc.)*, 330 B.R. 133, 135 (D. Del. 2005); *see also, Fed. R. Bankr. P. 9014(c)*.  As such, courts have routinely approved scheduling orders and other protocols for the orderly taking of discovery in estimation hearings.  *Harada v. The DBL Liquidating Trust (In re Drexel Burnham Lambert Group, Inc.)*, 160 B.R. 729, 731 (S.D.N.Y. 1993).

14.  Rule 9014 of the Federal Rules of Bankruptcy Procedure, governing contested matters, directs that Rule 7026 of the Federal Rules of Bankruptcy Procedure, among others, applies to contested matters.  In turn, Rule 7026 of the Federal Rules of Bankruptcy Procedure, adopting in whole Federal Rule of Civil Procedure 26, permits a court to convene a scheduling conference to adopt or approve a discovery schedule.

15.  In this matter, the Trustee seeks discovery from the Personal Injury Claimants necessary to the proper valuation of the Personal Injury Claims.  Such a procedure will allow the estimation proceedings to take place in an efficient and effective manner and will no doubt serve to streamline the hearing.  Accordingly, the Trustee respectfully requests that the Court convene a scheduling conference for the purpose of establishing a schedule for the completion of discovery and setting a hearing on the Motion.

estimation pursuant to Section 502(c) of the Bankruptcy Code. *See Bittner v. Borne Chem., Inc.*, 691 F.2d 134, 135 (3d Cir. 1982).[1]

11.  Courts are also directed to estimate claims where distribution to the creditors of the debtor would otherwise be delayed. Under the circumstances of these cases, the touchstone of the estimation analysis is whether the uncertainty of the contingencies alleged by the Personal Injury Claims would significantly increase the duration and complexity of the liquidation process and thereby impair the administration of the Trust and the successful consummation of the Plan. *See Interco Inc. v. ILGWU Nat'l Retirement Fund (In re Interco Inc.)*, 137 B.R. 993, 997 (Bankr. E.D. Mo. 1992); *see also, In re Continental Airlines Corp.*, 60 B.R. 466 (Bankr.S.D.Tex.1986) (claim estimated where questions raised about motion for summary judgment rejecting claims had potential for substantially delaying closing of reorganization); and *In re Lane*, 68 B.R. 609 (Bankr.D.Haw.1986) (claim estimated where waiting for outcome of state court would unduly delay administration of bankruptcy case). Simply stated, a final distribution cannot be made to the creditors of the Debtors' estates until these claims valued for purposes of distribution under the Debtors' Plan.

12.  The Bankruptcy Code and the Federal Rules are silent as to the methodology to be used in estimating claims under Section 502 of the Bankruptcy Code. However, case law uniformly holds that once the court has determined that Section 502 of the Bankruptcy Code is applicable to a claim, it has broad discretion in estimating such claim and may use whatever method it believes "is best suited to the particular contingencies at issue."

---

[1] The Bankruptcy Court may not hear and determine personal injury claims. 28 U.S.C. § 157(b)(5) ("The district court shall order that personal injury tort ... claims shall be tried in the district court in which the bankruptcy case is pending ...."). Therefore, estimation of personal injury claims must occur in the District Court.

## **REQUEST FOR WAIVER OF FILING OF MEMORANDUM OF LAW**

16.     In light of the nature of the relief requested, and because this Motion raises no novel issues of law, the Trustee respectfully requests that this Court dispense with the requirement for the submission of a memorandum of law contained in D. Del. L.R. 7.1.2, except that the Trustee reserves all rights to file a reply brief in support of this Motion.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order: (i) scheduling a conference for the purpose of setting a hearing for the purpose of estimating the value of the Personal Injury Claims and establishing a discovery schedule in connection therewith; and (ii) granting such other and further relief as the Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____
Donna L. Culver (#2983)
Margaret E. Juliano (#4722)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200

*Attorneys for Oolenoy Valley Consulting LLC as Trustee of the Safety-Kleen Creditor Trust*

September 11, 2006
534726

# **Exhibit A**

| Name | Claim No | Detail Amt | Nature of Claim |
|---|---|---|---|
| ALLWASTE (E. WEBB ET AL.) | 6410 | Unliquidated | LITIG - BODILY INJURIES |
| ALLWASTE (J. ORTEGO ET AL.) | 9244 | Unliquidated | LITIG - BODILY INJURIES |
| ALLWASTE (J. WHITE ET AL.) | 9245 | Unliquidated | LITIG - BODILY INJURIES |
| ALLWASTE (L. SHELTON ET AL. | 9243 | Unliquidated | LITIG - BODILY INJURIES |
| BORTHWICK, DONNA M. & WILL | 4933 | $1,100,000.00 | LITIG - BODILY INJURIES |
| CHMIELARSKI, DONNA | 5821 | $13,057.75 | LITIG - BODILY INJURIES |
| CIRINA BARBARA | 6640 | Unliquidated | LITIG - BODILY INJURIES |
| DONNA BORTHWICK | 16447 | $1,100,000.00 | LITIG - BODILY INJURIES |
| EARTHA MORRIS | 4491 | $13,714.50 | LITIG - BODILY INJURIES |
| GIORDANO, JOHN R. | 14882 | Unliquidated | LITIG - BODILY INJURIES |
| HAWKS WANDA | 7349 | $30,000.00 | LITIG - BODILY INJURIES |
| KELLEY, CARLA | 6517 | $20,000.00 | LITIG - BODILY INJURIES |
| KUEGELER, MILDRED | 5822 | $9,172.74 | LITIG - BODILY INJURIES |
| STEVENSON KAITLY | 7653 | $10,000.00 | LITIG - BODILY INJURIES |
| STOWE, CRAIG A. | 16555 | $448,880.66 | LITIG - BODILY INJURIES |
| TARYN GREMILLION | 5819 | $1,500,000.00 | LITIG - BODILY INJURIES |
| TULLOCK, SHARON | 11384 | $5,000,000.00 | LITIG - BODILY INJURIES |
| WILLIE MORRIS | 4489 | $11,745.00 | LITIG - BODILY INJURIES |

## CERTIFICATE OF SERVICE

I, Donna L. Culver, certify that I am not less than 18 years of age, and that service of this notice and of the foregoing **Oolenoy Valley Consulting LLC's Motion to Estimate Certain Personal Injury Claims and to Set Schedule for Completion of Discovery** was caused to be made on September 11, 2006, in the manner indicated upon the entities identified on the attached service lists.

Date:   September 11, 2006                              _____
                                                        Donna L. Culver (#2983)

523979

# SERVICE LIST

**BY HAND DELIVERY**

Delia A Clark
Rawle & Henderson LLP
300 Delaware Avenue
Suite 1015
Wilmington, DE  19801

Eric M Davis Esq
Skadden Arps Slate Meagher & Flom LLP
One Rodney Square
P O Box 636
Wilmington, DE  19899-0636

James E. Huggett
Margolis Edelstein
1509 Gilpin Avenue
Wilmington, DE  19806

Christopher D Loizides
Christopher D Loizides PC
1225 North King Street
Suite 800
Wilmington, DE  19801-3246

Joseph J McMahon Esq
Office of the United States Trustee
844 King Street Suite 2207
Lockbox 35
Wilmington, DE  19801

Mark Minuti Esq
Saul Ewing LLP
222 Delaware Avenue
Suite 1200
Wilmington, DE  19801

Thomas S Neuberger Esq
The Neuberger Firm PA
2 East 7th Street
Suite 302
Wilmington, DE  19801

**BY FIRST CLASS U.S. MAIL**

Mr Timothy Gillen
Carl Bolander & Sons Co
251 Starkey Street
P O Box 7216
St Paul, MN  55107

Charles Daff
Charles Daff Law Office
2122 North Broadway
Suite 210
Santa Ana, CA  92706

Ronald L Daugherty
Pelino & Lents PC
One Liberty Place, 32nd Floor
1650 Market Street
Philadelphia, PA  19103-7393

Tennessee Department of Revenue
TN Attorney General's Ofc Bankruptcy Div
PO Box 20207
Nashville, TN  37202-0207

Luc A Despins Esq
Susheel Kirpalani Esq
Milbank Tweed Hadley & McCloy LLP
One Chase Manhattan Plaza
New York, NY  10005-1413

DMH Environmental, Inc.
c/o Bryan Scott
1462 Campbell
Suite 100
Houston, TX  77055

Richard M Flores Esq
Steven Woodside Esq
County of Sonoma
575 Administration Drive
Room 1005
Santa Rosa, CA  95403-2815

Flaster/ Greenberg PC
Attn Bankruptcy Dept
1628 JFK Boulevard
15th Floor
Philadelphia, PA  19103

Roman B Hirniak Esq
Buchanan Ingersoll PC
700 Alexander Park
Suite 300
Princeton, NJ  08540-6347

John M. Johnson
Darrington Unit
59 Darrington Road
Rosharon, TX  77583

D Bruce Jones
700 1st Avenue
Sulphur, LA  70663

Rayni C Lay Esq
The Texas A&M University System
A&M University System Building Suite 2079
200 Technology Way
College Station, TX  77845-3424

```
John H. Maddock III
Elizabeth L. Gunn
McGuireWoods LLP
One James Center, 901 E. Cary Street
Richmond, VA  23219

Daniel J McGay Esq
Rider Bennett LLP
33 South 6th Street
Suite 4900
Minneapolis, MN  55402-3716

James L. Patton, Jr.
Joseph A. Malfitano
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801

Khosrow B. Semnani, Esquire
Nielsen & Senior
5217 South State Street
Suite 400
Salt Lake City, UT  84107

J Gregory St Clair Esq
Skadden Arps Slate Meagher & Flom LLP
Four Times Square
Floor 24
New York, NY  10036-6522
```

# SERVICE LIST

BY FIRST CLASS U.S. MAIL

William B. Baggett, Esq.
Allwaste (E. Webb et al.)
c/o Baggett McCall Burgess & Watson
P.O. Drawer 7820
Lake Charles, LA  70606-7820

William B. Baggett, Esq.
Allwaste (J. Ortego et al.)
c/o Baggett McCall Burgess & Watson
P.O. Drawer 7820
Lake Charles, LA  70606-7820

William B. Baggett, Esq.
Allwaste (J. White et al.)
c/o Baggett McCall Burgess & Watson
P.O. Drawer 7820
Lake Charles, LA  70606-7820

William B. Baggett, Esq.
Allwaste (L. Shelton et al.)
c/o Baggett McCall Burgess & Watson
P.O. Drawer 7820
Lake Charles, LA  70606-7820

Donna M. & William R. Borthwick
c/o Siben & Siben Law Offices
90 East Main Street
Bay Shore, NY  11706

Donna Chmielarski
1139 Rushing Parc Dr.
Birmingham, AL  35244-6752

Barbara Cirina
c/o Gary Alweiss
229 Seventh Street
Suite 300
Garden City, NY  11530

Barbara Cirina
43 Ash Street
Floral Park, NY  11001

Donna Borthwick
c/o Siben & Siben Law Offices
90 East Main Street
Bay Shore, NY  11706

Eartha Morris
c/o Downer Walters & Miitchner
Thomas Downer
301 South Tryon Street, Ste 1760
Wachovia 2 Center
Charlotte, NC  28202

John R. Giordano
c/o Bellavia & Kassel, PC
200 Old Country Road
Mineola, NY  11501

John R. Giordano
248 Connetquot Avenue
East Islip, NY  11730

Wanda Hawks
14009 Woodwell St
Silver Springs, MD  20906

Carla Kelley
300 North J Street
Palouse, WA  99161

Mildred Kuegeler
1139 Rushing Parc Dr.
Birmingham, AL  35244-6752

Willie Morris
c/o Downer Walters & Miitchner
Thomas Downer
301 South Tryon Street, Ste 1760
Wachovia 2 Center
Charlotte, NC  28202

Kaitly Stevenson
c/o Roberts & Mahoney
Thomas M. Roberts
101 E. Augusta Avenue
Spokane, WA  99207-2407

Kaitly Stevenson
P.O. Box 160
Palouse, WA  99161

Craig A. Stowe
c/o Gauthier, Downing, LaBarre, Beiser & Dean
John W. Houghtaling, II
3500 N. Hullen St
Metairie, LA  70002

Taryn Gremillion
c/o Degravelles Palmintier & Holthaus
Michael C. Palmintier
618 Main Street
Baton Rouge, LA  70801-1910

Sharon Tullock
1680 Kingsport Highway
Greeneville, TN  37745

Wanda Hawks
10412 Royal Road
Silver Springs, MD  20903