IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | |
| SAFETY-KLEEN CORP., et al., | Case No. 06-0354 (GMS) |
| Debtors. | |

**JOINT STATUS REPORT REGARDING CLAIM OF TARYN GREMILLION**

Pursuant to D. Del. L.R. 16.2(b), Oolenoy Valley Consulting LLC, as trustee of the Safety-Kleen Creditor Trust and counsel for claimant Taryn Gremillion ("Claimant") have conferred regarding each agenda item contained in the Court's April 13, 2007 Order and hereby provide the following joint status report:

**I.    JURISDICTION AND SERVICE**

The Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(b)(6) and 1334. There are no issues regarding personal jurisdiction and no parties remain to be served.

**II.    SUBSTANCE OF THE ACTION**

This is a contested matter arising out of the Chapter 11 bankruptcy cases of Safety-Kleen Corp. and its affiliated debtors (the "Debtors") pending in the United States Bankruptcy Court for the District of Delaware. By its motion filed September 11, 2006, the Trustee seeks an order pursuant to 11 U.S.C. § 502(c) estimating the value of Claimant's claim, No. 5819, pending in the case of Safety-Kleen (Baton Rouge), Inc. By her claim, Claimant seeks a distribution from the Debtors' estates on account of personal injuries allegedly suffered as the result of an accident of Safety-Kleen (Baton Rouge), Inc. formerly known as Rollins Environmental Services (LA) Inc.

### III. IDENTIFICATION OF ISSUES

The parties dispute the Debtors' liability for the injuries alleged by the Claimant. The parties also dispute the amount of Claimant's damages should liability be found.

### IV. NARROWING OF THE ISSUES

At this time, it does not appear that the issues can be narrowed by agreement or motion. However, as with any case, the issues in dispute may be narrowed through discovery and by decisions on dispositive motions.

### V. RELIEF

Claimant is seeking unspecified damages of at least $1,500,000 arising from the accident. Damages, if any, would need to be determined by the Court.

### VI. AMENDMENT OF PLEADINGS

The parties do not currently anticipate any amendment to the pleadings and propose that a cut-off date of May 31, 2007 be placed in the Scheduling Order.

### VII. JOINDER OF PARTIES

The parties do not currently anticipate the joinder of any additional parties and propose that a cut-off date of May 31, 2007 be placed in the Scheduling Order.

### VIII. DISCOVERY

a. Trustee's Statement. The Trustee served written discovery requests directed to the issues raised in the Claimant's claim on November 2, 2006, to which Claimant responded on or about March 21, 2007. Counsel for the Trustee is currently reviewing Claimant's discovery responses.

b. Claimant's Statement. Plaintiff contends that she was injured on or about the 23rd day of January, 1991, as a result of the defective premises at Rollins Environmental

Services, Inc. She was injured when she fell down a ramp on the premise on Rollins' Baton Rouge facility which ramp was defective within the meaning of Louisiana Civil Code Articles 2315, 2317, and any other codal provisions and their related Articles. As a result of her fall, plaintiff sustained severe and permanently disabling injuries including a lower back injury requiring the placement of Harrington rods, all of which medical condition brought about plaintiff's disability and gave rise to damages, both special and general, upon which this case is based.

   c. The parties agree that fact depositions should be limited to five per party with a limit of four hours per deposition, subject to either party requesting additional depositions and/or time upon a showing of good cause. They also agree that all fact and expert discovery should be instituted so that it is completed on or before August 27, 2007.

   d. The parties agree that Claimant should identify and serve initial expert reports for her experts on or before June 30, 2007 with the Trustee to identify and serve initial reports for its experts, if any, by August 15, 2007. The parties further agree that expert depositions should be permitted of all identified testifying experts, including any treating physicians or medical experts, subject to the limits noted above. The parties do not believe that any less costly or less time consuming methods are available to obtain the necessary information.

**IX. ESTIMATED TRIAL LENGTH**

The parties believe that the trial in this matter will last approximately one day.

**X. JURY TRIAL**

No jury trial has been requested and the parties agree that there is no right to a jury trial in an estimation proceeding conducted pursuant to 11 U.S.C. § 502©.

XI. **SETTLEMENT**

The parties are continuing to discuss a possible settlement of the matter. The parties believe that this matter might be properly referred to the United States Magistrate for the purpose of exploring the possibility of a settlement.

XII. **STATEMENT OF CONFERENCE**

The undersigned counsel has conferred regarding each of the above matters.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Donna L. Culver
Donna L. Culver (#2983)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
    Counsel for Oolenoy Valley Consulting LLC,
    as trustee for the Safety-Kleen Creditor Trust

DEGRAVELLES, PALMINTIER, HOLTHAUS & FRUGÉ

/s/ Michael C. Palmintier
Michael C. Palmintier
618 Main Street
Baton Rouge, LA 70801-1910
(225) 344-3735
    Counsel for Claimant

April 25, 2007

## CERTIFICATE OF SERVICE

I, Donna L. Culver, certify that I am not less than 18 years of age, and that service of the foregoing **Joint Status Report Regarding Claim Of Taryn Gremillion** was caused to be made on April 25, 2007, in the manner indicated upon the parties identified on the attached service list.

Date: April 25, 2007

/s/ Donna L. Culver
Donna L. Culver (#2983)

549629.10

# SERVICE LIST

**BY FIRST CLASS MAIL:**

William B. Baggett, Esq.
Allwaste (E. Webb et al.)
c/o Baggett, McCall, Burgess, Watson
 & Gaughan
3006 Country Club Road
P.O. Drawer 7820
Lake Charles, LA  70606-7820

William B. Baggett, Esq.
Allwaste (J. Ortego et al.)
c/o Baggett, McCall, Burgess, Watson
 & Gaughan
3006 Country Club Road
P.O. Drawer 7820
Lake Charles, LA  70606-7820

William B. Baggett, Esq.
Allwaste (J. White et al.)
c/o Baggett, McCall, Burgess, Watson
 & Gaughan
3006 Country Club Road
P.O. Drawer 7820
Lake Charles, LA  70606-7820

William B. Baggett, Esq.
Allwaste (L. Shelton et al.)
c/o Baggett, McCall, Burgess, Watson
 & Gaughan
3006 Country Club Road
P.O. Drawer 7820
Lake Charles, LA  70606-7820

Donna M. & William R. Borthwick
c/o Siben & Siben Law Offices
90 East Main Street
Bay Shore, NY  11706

Donna Chmielarski
1139 Rushing Parc Dr.
Birmingham, AL  35244-6752

Barbara Cirina
c/o Gary Alweiss
229 Seventh Street
Suite 300
Garden City, NY  11530

Barbara Cirina
43 Ash Street
Floral Park, NY  11001

Donna Borthwick
c/o Siben & Siben Law Offices
90 East Main Street
Bay Shore, NY  11706

Eartha Morris
c/o Downer Walters & Mitchner
Thomas Downer
301 South Tryon Street, Ste 1760
Wachovia 2 Center
Charlotte, NC  28202

Michael Paglino
Bellavia Gentile & Associates LLP
200 Old Country Road
Mineola, NY  11501

John R. Giordano
248 Connetquot Avenue
East Islip, NY  11730

Carla Kelley
300 North J Street
Palouse, WA  99161

Mildred Kuegeler
1139 Rushing Parc Dr.
Birmingham, AL  35244-6752

Willie Morris
c/o Downer Walters & Mitchner
Thomas Downer
301 South Tryon Street, Ste 1760
Wachovia 2 Center
Charlotte, NC  28202

Kaitly Stevenson
c/o Roberts & Mahoney
Thomas M. Roberts
101 E. Augusta Avenue
Spokane, WA  99207-2407

Craig A. Stowe
c/o Gauthier, Downing, LaBarre, Beiser
 & Dean
John W. Houghtaling, II
3500 N. Hullen St
Metairie, LA  70002

Taryn Gremillion
c/o Degravelles Palmintier & Holthaus
Michael C. Palmintier
618 Main Street
Baton Rouge, LA  70801-1910

Sharon Tullock
1680 Kingsport Highway
Greeneville, TN  37745

Wanda Hawks
10412 Royal Road
Silver Springs, MD  20903