IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> SAFETY-KLEEN CORP., et al., <br><br> Debtors. | Case No. 06-0354 (GMS) |

### STATUS REPORT REGARDING CLAIM OF TARYN GREMILLION

Pursuant to D. Del. L.R. 16.2(b), Oolenoy Valley Consulting LLC, as trustee of the Safety-Kleen Creditor Trust hereby submits the following status report with respect to the claim of Taryn G. Gremillion ("Claimant") as instructed by the Court at the October 19, 2007 status conference[1]:

**I.      JURISDICTION AND SERVICE**

The Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(b)(6) and 1334. There are no issues regarding personal jurisdiction and no parties remain to be served.

**II.     SUBSTANCE OF THE ACTION**

This is a contested matter arising out of the Chapter 11 bankruptcy cases of Safety-Kleen Corp. and its affiliated debtors (the "Reorganized Debtors") pending in the United States Bankruptcy Court for the District of Delaware. By its motion filed September 11, 2006, the Trustee seeks an order pursuant to 11 U.S.C. § 502(c) estimating the value of Claimant's claim, No. 5819, pending in the case of Safety-Kleen (Baton Rouge), Inc. By her claim,

---

[1]     In accordance with the Court's directive at the October 19, 2007 status conference, counsel for the Trustee has attempted to confer with counsel for the Claimant concerning settlement and this Status Report.

Claimant seeks a distribution from the Reorganized Debtors' estates on account of personal injuries allegedly suffered as the result of a slip and fall that occurred on the premises of Rollins Environmental Services (LA) Inc., a corporate predecessor to debtor Safety-Kleen (Baton Rouge), Inc.

### III. IDENTIFICATION OF ISSUES

The Trustee disputes the Reorganized Debtors' liability for the injuries alleged by the Claimant. The Trustee also dispute the amount of Claimant's damages should liability be found.

### IV. NARROWING OF THE ISSUES

At this time, it does not appear that the issues can be narrowed by agreement or motion. However, as with any case, the issues in dispute may be narrowed through discovery and by decisions on dispositive motions.

### V. RELIEF

Claimant is seeking damages of at least $1,500,000 arising from the accident that is the subject of the claim. Damages, if any, would need to be determined by the Court.

### VI. AMENDMENT OF PLEADINGS

The Trustee does not currently anticipate any amendment to the pleadings and proposes that a cut-off date of November 30, 2007 be placed in the Scheduling Order.

### VII. JOINDER OF PARTIES

The Trustee does not currently anticipate the joinder of any additional parties and propose that a cut-off date of November 30, 2007 be placed in the Scheduling Order.

**VIII.   DISCOVERY**

a.   Trustee's Statement.  The Trustee served written discovery requests directed to the issues raised in the Claimant's claim on November 2, 2006, to which Claimant responded on or about March 21, 2007.

b.   The Trustee believes that fact depositions should be limited to five per party with a limit of four hours per deposition, subject to either party requesting additional depositions and/or time upon a showing of good cause.  The Trustee also believes that all fact and expert discovery should be instituted so that it is completed on or before February 29, 2008.

c.   The Trustee believes that Claimant should identify and serve initial expert reports for her experts on or before December 15, 2007 with the Trustee to identify and serve initial reports for its experts, if any, by February 1, 2008.  The Trustee further believes that expert depositions should be permitted of all identified testifying experts, including any treating physicians or medical experts, subject to the limits noted above.  The Trustee does not believe that any less costly or less time consuming methods are available to obtain the necessary information.

**IX.   ESTIMATED TRIAL LENGTH**

The Trustee believes that the trial in this matter will last approximately one day.

**X.   JURY TRIAL**

No jury trial has been requested, and the Trustee does not believe that there is a right to a jury trial in an estimation proceeding conducted pursuant to 11 U.S.C. § 502(c).

**XI.   SETTLEMENT**

The parties are continuing to discuss a possible settlement of the matter. The Trustee believes that this matter might be properly referred to the United States Magistrate for the purpose of exploring the possibility of a settlement.

**XII.   STATEMENT OF CONFERENCE**

The undersigned counsel has attempted to confer with counsel for the Claimant concerning the above-referenced matters.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

   /s/  Donna L. Culver
Donna L. Culver (#2983)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
   Counsel for Oolenoy Valley Consulting LLC, as trustee for the Safety-Kleen Creditor Trust

October 26, 2007

## CERTIFICATE OF SERVICE

I, Donna L. Culver, certify that I am not less than 18 years of age, and that service of this notice and of the foregoing **Status Report Regarding Claim Of Taryn Gremillion** was caused to be made on October 26, 2007, in the manner indicated upon the party listed below:

**VIA FIRST CLASS MAIL AND ELECTRONIC MAIL:**

Michael C. Palmintier, Esquire
deGravelles, Palmintier Holthaus & Frugé
618 Main Street
Baton Rouge, LA 70801-1910
mpalmintier@dphf-law.com


Date:   October 26, 2007             /s/ Donna L. Culver
                                     Donna L. Culver (No. 2983)

1297004.1